# UNITED STATES DISTRICT COURT
# DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 JAN 19 PM 1: 10

CLERK
BY _____
DEPUTY CLERK

|  |  |  |
|---|---|---|
| **DRAXXION TALANDAR** | ) | |
| | ) | |
| | ) | |
| **V.** | ) | CASE NO. ___2: 21-cv-10 = civil cmp___ |
| | ) | ___2: 21-cv-11 = ptn writ___ |
| | ) | HC |
| **STATE OF VERMONT** | ) | |
| | ) | |

## PETITION FOR WRIT OF HABEAS CORPUS
## &
## CIVIL COMPLAINT

*"[E]ven in a pandemic, the Constitution cannot be put away and forgotten."* United

States Supreme Court, November 25, 2020.

Draxxion Talandar is currently being deprived of his constitutional right to a Speedy Trial

by the State of Vermont. Having now exhausted his state court remedies, Mr. Talandar

hereby turns to the United States District Court for the District of Vermont to provide

relief against the ongoing violation of his federal constitutional rights. In support of this

petition it is stated as follows:

## INTRODUCTION

Mr. Talandar is charged in two separate cases in the Windsor County Criminal Division

DESMEULES,
OLMSTEAD & OSTLER
POST OFFICE BOX 1090
NORWICH, VERMONT 05055
(802) 649-2001

1

of the Vermont Superior Court with sexual and domestic assault. Mr. Talandar is being held without bail by the Superior Court in both cases. Mr. Talandar was first detained on these cases in December 2019 under arrest warrants, and was arraigned in the Superior Court on both cases on January 6, 2020.

Mr. Talandar maintains his innocence on all charges, and asserted his right to a Speedy Trial beginning in January 2020 following his arraignments. In all pleadings and proceedings since, Mr. Talandar has consistently and steadfastly demanded a Speedy Trial under both the Vermont Constitution and the United States Constitution. Mr. Talandar waived his right to a "pick-and-go" jury trial in order to ensure the earliest possible trial date. Mr. Talandar agreed to curtailed depositions of witnesses in order to ensure the earliest possible trial date. Mr. Talandar has expressly declined to exercise rights to bail appeals, discovery, hearings, suppression, motions *in limine*, and other pretrial litigation in order to best preserve his Speedy Trial rights. Mr. Talandar's assertion of his constitutional Speedy Trial rights is sincere and predates public awareness or concerns of COVID in the community.

On February 19, 2020, the Superior Court scheduled a jury trial in one case for March 9-13, 2020, and indicated that the other case would be tried in April 2020. State prosecutors subsequently filed an "emergency" motion to continue the March trial, citing the fact that they had, in their own words, "barely begun" to review discovery. On March 2, 2020, the Superior Court granted the State's motion for a continuance over Mr.

DesMeules,
Olmstead & Ostler
POST OFFICE BOX 1090
NORWICH, VERMONT 05055
(802) 649-2001

Talandar's objection and express Speedy Trial assertion. On March 3, 2020, Mr. Talandar filed a written motion to dismiss the case for lack of a Speedy Trial. The Superior Court did not respond to this motion for over three months.

On March 16, 2020, the Vermont Supreme Court issued Administrative Order 49, which expressly cancelled all jury trials in Vermont courts until April 15, 2020 over concerns related to the COVID illness. On April 6, the Vermont Supreme Court extended the trial moratorium until May 15, 2020. On May 13, 2020, the Vermont Supreme Court again extended the moratorium until September 2020. The Vermont Supreme Court subsequently extended the emergency declaration through the end of March 2021.

On May 19, 2020, Mr. Talandar filed a renewal of his March 3 Speedy Trial motion which was still unaddressed by the Superior Court. The motion did not seek dismissal with prejudice - only release or dismissal of the case until the right to a jury trial could be restored. Technological failures of the court's new electronic filing system caused an additional 24 days of unexplained delay in processing Mr. Talandar's Speedy Trial motions. Ultimately, the Superior Court denied the motions on June 19, 2020 - relying on the anticipated resumption of jury trials in September 2020.

On August 24, 2020, when it became clear that no trials would be scheduled in September, Mr. Talandar filed another Speedy Trial motion, which the Court denied on September 28, 2020. Mr. Talandar subsequently sought review of the Speedy Trial issue

in the Vermont Supreme Court. On November 10, 2020, the Vermont Supreme Court declined to consider Mr. Talandar's Speedy Trial claims.

As of the date of this filing, neither of Mr. Talandar's cases are scheduled for trial and there are no plans on resuming any jury trials in the Windsor County Superior Court. Neither the Superior Court nor state prosecutors have responded to several recent requests by Mr. Talandar's counsel for conferences to discuss potential alternatives to his continued pretrial incarceration.

Mr. Talandar has been denied his constitutional right to a Speedy Trial, and he is effectively subject to an indefinite postponement of his right to a jury trial in an ongoing deprivation of this constitutional right by the State of Vermont. Mr. Talandar brings this suit under authority provided by the United States Constitution and federal law. This action includes a writ of habeas corpus and a claim for declaratory judgment, and requests immediate injunctive relief under both provisions.

## JURISDICTION

This case arises under the Sixth Amendment to the United States Constitution. This Court has jurisdiction over a writ of habeas corpus under 28 U. S. C. § 2241; Art. I, § 9, cl. 2 of the United States Constitution (Suspension Clause) and 28 U. S. C. § 1331. This Court has jurisdiction over an action for declaratory judgment under 28 U.S. Code § 2201.

DesMeules,
Olmstead & Ostler
POST OFFICE BOX 1090
NORWICH, VERMONT 05055
(802) 649-2001

## VENUE

Venue lies in the District of Vermont where Mr. Talandar is being detained by the State of Vermont.

## FACTUAL ALLEGATIONS

1.    The State of Vermont has deprived Mr. Talandar of his liberty since December 2019.

2.    Mr. Talandar has not been tried or convicted of any crimes in the State of Vermont.

3.    Mr. Talandar has asserted his constitutional right to a Speedy Trial since January 2020.

4.    The State of Vermont has not provided Mr. Talandar with a Speedy Trial.

5.    The State of Vermont continues to hold Mr. Talandar in captivity against his will.

## COUNT I: HABEAS CORPUS

6.    Mr. Talandar's prolonged, ongoing and prospectively-indefinite detention by the State of Vermont violates his right to a Speedy Trial as guaranteed by the Sixth Amendment to the United States Constitution.

7.    Mr. Talandar is entitled to a writ of habeus corpus to demand and challenge the basis of his ongoing detention by the State of Vermont. 28 U.S. Code § 2241.

## COUNT 2: DECLARATORY JUDGMENT

8.  The Declaratory Judgment Act, U.S.C. Title 28, Chapter 151, authorizes the federal courts to declare Mr. Talandar's constitutional rights and the unconstitutional nature of his detention.

9.  Mr. Talandar is entitled to a declaration forthwith that his ongoing and indefinite detention violates his right to a Speedy Trial as guaranteed by the Sixth Amendment to the United States Constitution.

10. 28 U.S. Code § 2202 authorizes the Court to order "necessary and proper" relief to Mr. Talandar as requested herein, including injunctive relief.

## **PRAYER FOR RELIEF**

Federal Courts have a duty to ensure that the constitution is being followed. The U.S. District Court for the District of Vermont has the responsibility and authority to order immediate and meaningful injunctive relief against the State of Vermont with respect to Mr. Talandar's ongoing and unlawful detention. Mr. Talandar respectfully requests that this Honorable Court:

A.  Schedule an expedited hearing on this matter pursuant to F.R.C.P. 57;

B.  Declare that the prolonged and ongoing detention of Mr. Talandar without trial is a violation of his constitutional rights under the Sixth Amendment;

C.  Order the State of Vermont, and any subdivision thereof including the Vermont Superior Court, to order the release of Mr. Talandar pending a jury trial in the Vermont Superior Court; and

D.  Order any other relief as Justice and the Constitution may require.

DESMEULES,
OLMSTEAD & OSTLER
POST OFFICE BOX 1090
NORWICH, VERMONT 05055
(802) 649-2001

Because Mr. Talandar's deprivation of liberty is presently occurring and of an ongoing nature, Mr. Talandar requests an expedited hearing and preliminary injunction without delay pursuant to F.R.C.P. 65 and 57.

## VERIFICATION

Pursuant to 28 U.S.C. § 2242 I am submitting this verification on behalf of Mr. Talandar because I am his attorney. I have discussed with Mr. Talandar the events described herein. On the basis of those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated: January 14, 2021

By: _____

Cabot R. Teachout, Esq.
DesMeules Olmstead & Ostler
P.O. Box 1090
Norwich, VT 05055
(802) 649-2001
Cteachout@doolaw.com