UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| DRAXXION TALANDAR,       } | | |
|        Petitioner       } | | |
|        } | | |
| V.       } | Civil Action Nos. 2:21-cv-00010 | |
|        } | &   2:21-cv-00011 | |
|        } | | |
| STATE OF VERMONT       } | | |
|        Respondent       } | | |

**RESPONDENT'S ANSWER AND MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND PETITION FOR DECLARATORY JUDGEMENT**

Respondent is in receipt of a 7-page "Petition for Writ of Habeas Corpus & Civil Complaint". Upon information and belief, the same 7-page document was filed as two separate cases: 2:21-cv-00010 (Civil Complaint) and 2:21-cv-00011 (Petition for Writ of Habeas Corpus). Respondent will treat the two filings as a single filing given they are identical as submitted.

### I. Factual and Procedural Background

#### A. Pending Charge and Pre-Trial Detention

1. On or about December 12, 2019, the State of Vermont filed a 6-Count Information against petitioner in Docket 1230-12-19 Wrcr, including 3 Felony Counts of Sexual Assault.

2. On or about December 24, 2019, the State of Vermont filed a 2 Count Information against petitioner in Docket 1263-12-19 Wrcr, including 1 Felony Count of Sexual Assault.

3. Under Vermont State Law, all 4 Sexual Assault Counts have a maximum penalty of life in prison. Under Vermont State Law, "A person charged

1

with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail." Vt. Stat. Ann. tit. 13, §7553.

4. On January 6, 2020, Petitioner was arraigned in Dockets 1230-12-19 Wrcr and 1263-12-19 Wrcr in Vermont Superior Court. Petitioner pleaded not guilty to all counts.

5. At the arraignment, the State of Vermont argued that Petitioner be held without bail. The Petitioner argued for his release on conditions.

6. After argument, the Vermont Superior Court ruled that the Petitioner be held without bail, issuing a 10 page decision weighing relevant Vermont law on or about January 7, 2020. *See Respondent's Exhibit A*, submitted herewith.

7. On March 4, 2020, Petitioner filed a Motion to Dismiss for lack of speedy trial and a Motion to Release on Conditions. Respondent filed corresponding objections.

8. On or about March 16, Petitioner filed a Motion to Review Bail, arguing that he should be released in light of the then recent outbreak of COVID-19. Petitioner invoked Vermont bail statutes and the Eight Amendment of the United States Constitution.

9. On March 17, 2020 the Vermont Superior Court held a multi-hour evidentiary hearing to determine whether Petitioner should be released pending trial.

10. On March 31, 2020, the Vermont Superior Court issued a 12 page decision concluding that per the evidence submitted by the Respondent, "The court

cannot find that there is presently a condition or combination of conditions that will reasonably assure that Defendant will return for future court proceedings and will reasonably protect the public in the interim." *See Respondent's Exhibit B*, submitted herewith.

11. On April 16, 2020, Petitioner's previous motion with respect to COVID-19 was consolidated with approximately 12 other cases in Windsor, Windham, and Bennington Counties, similarly arguing for the pre-trial release of incarcerated defendants due to the still new pandemic.

12. Beginning April 21, 2020, a multi-day evidentiary hearing on the consolidated matters concerning COVID-19 was held in Vermont Superior Court.

13. On or about May 19, 2020, Petitioner filed a "renewal" of his Motion to Dismiss, invoking the Speedy Trial and Due Process provisions of the United States and Vermont Constitutions. Respondent filed a memorandum in opposition.

14. On or about June 16, 2020, the Vermont Superior Court issued a 4-page ruling in which it denied Defendant's Motion to Dismiss after considering the speedy trial factors set forth in *Barko v. Wingo*, 407 U.S. 514. *See Respondent's Exhibit C*, submitted herewith.

15. On or about August 12, 2020, the Superior Court issued a 45-page decision in the consolidated COVID-19 hearing as it applied to Petitioner and two other state court defendants, Larry Labrecque and Raymond Ortiz. The Court denied Petitioner's request for release, finding no

violation of Due Process Rights. *See Respondent's Exhibit D*, submitted herewith.

16. On or about August 24, 2020, Petitioner again filed a Motion to Dismiss on the grounds that his Speedy Trial and Due Process Rights were being violated. Respondent filed a motion in opposition.

17. On or about September 28, the Vermont Superior Court again denied Petitioner's Motion, referencing its prior June 16, 2020 Decision and the *Barker v. Wingo* factors. *See pgs 5-7 of Respondent's Exhibit E*, submitted herewith. (Pages 1-4 concern motions on depositions and subpoenas)

18. On October 2, 2020 Petitioner filed a motion with the Superior Court requesting "Certification of Interlocutory Review" for his Speedy Trial Motions to the Vermont Supreme Court.

19. On October 7, 2020, the Superior Court denied Petitioner's Motion, concluding that Petitioner, "has not established that there exists "substantial ground for difference of opinion" as to whether the pretrial delay created by a pandemic and attributable to the government weighs in his favor when considering the factors under *Barker v. Wingo*, 407 U.S. 514 (1972)." *See Respondent's Exhibit F*, submitted herewith.

20. On or about October 20, 2020, Petitioner directly filed for interlocutory appeal to the Vermont Supreme Court concerning the previous denials of his Speedy Trial Motions. Respondent filed a memorandum in opposition.

21. On or about November 10, 2020, the Vermont Supreme Court denied Petitioner's Motion for Interlocutory Appeal, stating that he had not met

> the factors required by the Vermont Rules of Appellate Procedure. *See Respondent's Exhibit G*, submitted herewith.

### B. The Current Petition for Writ of Habeas Corpus and/or Declaratory Judgement

Petitioner filed the current petition in the district court alleging that his Sixth Amendment right to speedy trial has been violated and that this Court should either issue a Writ of Habeas Corpus or find a Sixth Amendment violation through Declaratory Judgment under 28 U.S.C. §2201.

## II. State of Vermont's Answer to the Petition

The State of Vermont denies that Petitioner is being held in violation of his Sixth Amendment Speedy Trial Rights.

## III. Dismissal is Appropriate under the Younger Abstention Doctrine

Petitioner improperly asks this Court to intrude on state sovereignty and the Petition should be dismissed. Because Petitioner seeks declaratory or injunctive relief directly impacting on an ongoing state criminal prosecution, this Court should abstain from reviewing the case under the doctrine enunciated in *Younger v. Harris*, 401 U.S. 37 (1971).

> In *Younger*, the Supreme Court held that federal courts are not to enjoin ongoing state court criminal proceedings except in specific, narrow circumstances. 401 U.S. at 56, 91 S.Ct. at 755 (abstention is inappropriate when great and immediate irreparable harm may result, a state court is engaging in flagrantly unconstitutional acts, or statutes are being enforced in bad faith); *see Williams v. Lambert*, 46 F.3d 1275, 1282 (2d Cir.1995) (*Younger* abstention applies "in the absence of bad faith, fraud or irreparable harm"). The Supreme Court reasoned that such abstention was required by "Our Federalism" which respects the comity between federal and state courts. *Younger*, 401 U.S. at 44–45, 91 S.Ct. at 750–51. In a companion case to *Younger*, this abstention principle was also extended to declaratory relief. *See Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

> *Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court. *See CECOS Int'l, Inc. v. Jorling*, 895 F.2d 66, 70 (2d Cir.1990) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982)).

*Hansel v. Town Court for Town of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995). In discussing the third prong of when *Younger* abstention is appropriate, the *Hansel* Court would go on to state,

> So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for *Younger* purposes. *See Duty Free Shop, Inc. v. Administracion de Terrenos de Puerto Rico,* 889 F.2d 1181, 1183 (1st Cir.1989) ("The fact that state ... courts may reject (or have rejected) arguments on the merits ... does not mean those courts have deprived a plaintiff of the opportunity to make the argument.... [I]t is only where, for procedural or other reasons, the state courts deprive the plaintiff of such an opportunity that Younger does not apply."); *see also Dubinka,* 23 F.3d at 224–25. Because Hansel is free to raise his constitutional claims before a legally trained judge both prior to trial, *see* N.Y.Crim.Proc.L. § 170.25 (McKinney 1993), and after conviction on direct appeal, Hansel can assert no bar to having his constitutional argument heard before the state courts. *See Davis,* 851 F.2d at 76. Accordingly, the final requirement for *Younger* abstention is met.

*Hansel,* 56 F.3d at 394.

The doctrine enunciated in *Younger* was discussed further in *Schlagler v. Phillips*, 166 F.3d 439, 442 (2d Cir. 1999).

> The *Younger* abstention doctrine recognizes that "[a] federal lawsuit to stop a prosecution in a state court is a serious matter," *Younger*, 401 U.S. at 42, 91 S.Ct. 746, and cautions that "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions," *id*. at 45, 91 S.Ct. 746. *Younger* abstention is grounded in principles of comity and federalism and is premised on the belief that a state proceeding provides a sufficient forum for federal constitutional claims. *See Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir.1994) (citing *Kugler v. Helfant*, 421 U.S. 117, 124, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975)). These principles provide that abstention is required absent a suggestion that a prosecution was "brought in bad faith or is only one of a series of repeated prosecutions." *Younger*, 401 U.S. at 49, 91 S.Ct. 746.

*Schlagler v. Phillips*, 166 F.3d 439, 442 (2d Cir. 1999).

Further, other jurisdictions have applied the *Younger* abstention doctrine to cases involving pretrial detainees and the Covid-19 pandemic.

> As an initial matter, "[t]he mere existence of COVID-19 in society and the possibility that it might spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).
>
> Covid-19 is not an extraordinary circumstance falling within the exception to the *Younger* abstention doctrine. *See Smith v. New Haven Superior Court*, No. 3:20-cv-00744 (KAD), 2020 WL 4284565, at *2 (D. Conn. July 27, 2020) (noting that "even if Petitioner had exhausted his claims, or exhaustion might arguably be excused, this Court is precluded from issuing orders that would interfere with Petitioner's ongoing state court prosecution under the *Younger* abstention doctrine.")

*Jumpp v. New Britain Superior Court*, 3:20-cv-01868 (VLB), 2021 WL 395870, at *2 (D. Conn. February 3, 2021).

> The Court must abstain because the *Younger* factors are met. Petitioner faces an ongoing state criminal prosecution which clearly implicates important state interests; petitioner can raise his constitutional challenges by filing motions in the state courts; and the requested habeas relief would undermine the state courts' determinations regarding petitioner's criminal case. Further there are no extraordinary circumstances that make abstention inappropriate. There is no evidence of bad faith or harassment; rather petitioner's claims are related to the impact the COVID-19 health crises has had on the state court's ability to move forward, counsel's ability to visit petitioner in the county jail, and isolation measures the county jail has taken to contain the spread of COVID-19.
>
> The Court accordingly concludes *Younger* abstention is appropriate and recommends the case be dismissed without prejudice.

*Harrison v. Fortney*, CASE NO. C20-792 RSM, 2020 WL 4059828, at *2 (United States District Court, W.D. Washington, at Seattle. June 24, 2020)

Abstention is appropriate here. There is an ongoing state criminal prosecution of Petitioner. Additionally, "it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one. *See Middlesex County Ethics Comm.*, 457 U.S. at 432, 102 S.Ct. at 2521; *Davis v. Lansing*, 851 F.2d 72, 76 (2d

7

Cir.1988) ("[t]here is no question that [an] ongoing prosecution implicates important state interests"). *Hansel*, 56 F.3d at 363. Finally, the federal speedy trial claims raised by Petitioner have been presented to Vermont courts as part of the criminal proceeding, and denied after analysis consistent with Constitutional case law, including *Barker v. Wingo*. The requirements for *Younger* abstention have been met and there are no additional extraordinary factors. Because interfering in the ongoing proceedings would raise serious federalism and comity concerns, this Court must abstain.

## IV.   Conclusion

For the reasons set forth more fully above, Respondent respectfully requests that this Court deny and dismiss the petition for a Writ of Habeas Corpus and the Civil Complaint for Declaratory Judgement.

## V.   Transcripts, Briefs, and Opinions

### A.   Transcripts

All Court hearings referenced in this filing were audio recorded. Respondent is not in possession of the transcripts of said court hearings but can promptly obtain the transcripts upon order of the Court.

### B.   Briefs on Appeal and Opinions

The Petitioner has submitted herewith the briefs/motions filed with the Vermont Supreme Court and the Vermont Supreme Court's corresponding order as Exhibits G (Vermont Supreme Court Entry Order), H (Petitioner's Motion), and I (Respondent's Memorandum in Opposition)

DATED AT Montpelier, Vermont, this 16th day of February, 2021.

                                          STATE OF VERMONT

                          By:   /s/ David Tartter
                                    DAVID TARTTER
                                    Deputy State's Attorney

Cc: Cabot Teachout, Esq.